UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KELLY HOWERTON,

                                           Case No.  3:13-cv-337

        **Plaintiff,**

                                           Judge Thomas M. Rose

-v-                                    Chief Magistrate Judge Sharon L. Ovington

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

        **Defendant.**

---

**ENTRY AND ORDER OVERRULING HOWERTON'S OBJECTIONS
(Doc. #16) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (Doc. #15); ADOPTING THE CHIEF
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS IN ITS
ENTIRETY; AFFIRMING THE COMMISSIONER'S NON-DISABILITY
FINDING AND TERMINATING THIS CASE**

---

Kelly Howerton ("Howerton") brought this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the decision of the Defendant Commissioner of Social Security (the

"Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability

benefits. On February 11, 2015, Chief United States Magistrate Judge Sharon L. Ovington

entered a Report and Recommendation (doc. #15) recommending that the Commissioner's

decision that Howerton was not disabled be affirmed. Howerton subsequently objected and the

Commissioner has responded to Howerton's Objections. This matter is, therefore, ripe for

decision.

Howerton sought financial assistance from the Social Security Administration by

applying for Disability Insurance Benefits ("DIB") and Supplemental Security Income (SSI) in

October of 2009. Howerton claimed that she had been disabled since November 1, 2008, due to

chronic migraines.

The Commissioner denied Jones's application. Administrative Law Judge ("ALJ") Mary F. Withum ("Withum") held a hearing following which she determined that Howerton was not disabled. The Appeals Council denied Howerton's request for review and ALJ Withum's decision became the Commissioner's final decision. Howerton then appealed to this Court pursuant to 42 U.S.C. §405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #15) and in Howerton's Objections (doc. #16) and the Commissioner's Response (doc. #19), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court affirms the Commissioner's decision that Howerton was not disabled in accordance with the Social Security Act.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services,* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a mere

scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6ᵗʰ Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F. 3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6ᵗʰ Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. As a result, Howerton's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED. Further, the Chief Magistrate Judge's Report and Recommendations is adopted in its entirety. The Commissioner's decision that Howerton was not disabled is AFFIRMED.  Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE and ORDERED** in Dayton, Ohio this Thirtieth Day of March, 2015.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:  Counsel of Record